## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**LAQUINCE T. HOGAN**                                                                      **PETITIONER**
**ADC #100540**

**VS.**                      **CASE NO.: 5:14CV00105-BD**

**WENDY KELLEY, Director,**
**Arkansas Department of Correction**                                          **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

**I.      Underlying Facts**

On August 5, 2008, Ashdown Police Officer Doyle Couch applied for a warrant to

search Petitioner Laquince T. Hogan's home for a "dark colored handgun with a long

barrel" that had been used in a homicide four days earlier.  *Hogan v. State*, 2010 Ark.

App. 434 at *2.  (#9-13 at p. 1)  According to the affidavit offered in support of the search

warrant application, an anonymous "concerned citizen" observed Mr. Hogan take a

handgun from his waistband and hand it to Derrick Robertson, who shot the victim, then

handed the gun back to Mr. Hogan.[1]  (#9-13 at p. 2)

Officer Couch's affidavit further stated that the concerned citizen's account of the

homicide was "consistent with those accounts given by other witnesses."  (*Id.*)  The

affidavit noted that the scene of the homicide was "adjacent to the residence of Laquince

---

[1]Derrick Robertson was charged with the homicide.  *State of Arkansas v. Derrick Robertson*, CR 10-1052.

T. Hogan," and that Mr. Hogan had admitted to officers he was "in close proximity to Derrick Robertson when he shot Patricia Norwood." (*Id*.)

Based on the affidavit, officers obtained a warrant to search Mr. Hogan's house for "a dark colored hand gun with a long barrel." (*Id*. at p. 4)  When officers arrived at Mr. Hogan's house to execute the search warrant, he was standing outside, about twenty-five feet from the house.  (#9-15 at p. 146)

During the search of the house, officers opened a kitchen cabinet and found a bag of marijuana, a small amount of cocaine, a digital scale, and a credit card.  (#9-15 at p. 148)  Officers also discovered a Crown Royal bag, which they opened.  They found a sizable quantity of both powder and crack cocaine inside the bag.  (#9-15 at pp. 8, 11, 150-152; #9-16 at pp. 199-207)  The gun was never found.  Officers also searched Mr. Hogan at the scene and found $4,085.00 in his pants pockets.  (#9-15 at pp. 156-57; #9-16 at p. 208)

At a pre-trial hearing, Mr. Hogan's lawyer was unfamiliar with the facts surrounding his client's arrest and the execution of the search warrant.  He orally moved to suppress the evidence seized, but on the sole ground that Mr. Hogan was illegally arrested and that the search of his home was an unlawful search *incident to an arrest*. (#9-15 at pp. 48-62)[2]   The Court denied the motion.  (*Id*. at 62)

---

[2]Counsel stated, "there was an issue regarding the–the–on August 5th, 2008, there was a search warrant at Mr. Hogan's home at that time and I think prior to–and he can probably tell you better than I can.  I'd have to ask him to come to the stand." (#9-15 at

The crime-lab analysis produced at trial showed that approximately 37 grams of powder cocaine and 29 grams of crack cocaine were seized from the residence.  (#9-16 at p. 209)  Mr. Hogan was convicted by a Little River County, Arkansas, jury of possession of cocaine with intent to deliver and possession of marijuana.  He was sentenced as a habitual offender to 125 years in prison.[3]  *Hogan v. State*, 2010 Ark. App. 434, 1 (2010). The Arkansas Court of Appeals affirmed Mr. Hogan's conviction.  *Id*. at 6.

## II.     Post-Trial Proceedings

### A.     Rule 37 Petition

#### 1.     Proceeding Before The Trial Court

Mr. Hogan filed a *pro se* petition with the trial court under Rule 37 of the Arkansas Rules of Criminal Procedure.[4]  (#9-17 at pp. 12-21)  In the petition, he claimed his trial counsel was ineffective for:  (1) failing to file a motion to suppress and object to the evidence presented at trial; (2) failing to object to, or attack, the search warrant affidavit; (3) failing to object to the introduction of unrelated drug sales that the State introduced

---

pp. 48-49)

[3]Mr. Hogan had eight prior convictions for delivery of a controlled substance, as well as prior convictions for criminal mischief in the second degree and breaking or entering.  (#9-16 at pp. 218-240)  Mr. Hogan will not be parole eligible until August 6, 2040.  ADC Inmate Information, http://adc.arkansas.gov (Inmate Search "Laquince Hogan") (information current as of July 28, 2015).

[4]In Arkansas, there is no right to counsel at post-conviction proceedings.  *McCuen v. State*, 328 Ark. 46, 56, 941 S.W.2d 397, 402 (1997)("the right to counsel ends in Arkansas after the direct appeal of the original criminal trial is completed, and the State is not obligated to provide counsel in post conviction proceedings.").

during the sentencing phase of his trial, in violation of his due process rights; and (4) failing to move for a mistrial in a timely manner.  (#9-17 at pp. 14-18)

The Honorable Tom Cooper held a hearing on the Rule 37 petition, at which Mr. Hogan; Michael Booker, Mr. Hogan's trial lawyer; and three other witnesses testified. (#9-17 at pp. 46-86)  At the hearing, Mr. Hogan erroneously argued that Mr. Booker had never made even an oral motion to suppress evidence, but he also argued that Mr. Booker should have filed a written motion.  (#9-17 at pp. 52-53, 56-57, 71, 74-75)  Mr. Booker admitted he did not file a written motion to suppress, but testified that he had orally moved to suppress evidence obtained from the search.  (*Id*. at pp. 52-53, 56-58)

Judge Cooper denied the petition.  (#9-17 at pp. 44-45)  In his order, Judge Cooper found:  Mr. Hogan's testimony was not credible; his sentence was enhanced based on his prior convictions; counsel sought to suppress evidence from the search warrant at a pre-trial hearing; and counsel had moved for a mistrial at trial.  (#9-17 at pp. 44-45)

2.      Proceedings on Appeal

Mr. Hogan appealed the denial of his Rule 37 petition to the Arkansas Supreme Court.  *Hogan v. State*, 2013 Ark. 223, 1 (2013).  Mr. Hogan raised seven points on appeal and asserted error in the trial court's denial of his ineffective-assistance-of-counsel claims in six of those points.  *Id*.  The Court applied the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984) and affirmed the trial court's denial of relief.  *Hogan*, 2013 Ark at 4-7.

Mr. Hogan's first point on appeal was that his counsel failed to investigate and prepare for trial. *Id*. at 2. As part of that point, Mr. Hogan argued his counsel erred by failing to file a motion to suppress evidence obtained in the search of his home because the search exceeded the scope of the warrant. *Id*. at 3. More particularly, Mr. Hogan argued that the search warrant permitted officers to search for a weapon, but that the officers exceeded the scope of the warrant by searching the closed Crown Royal bag. (#9-9 at pp. 34-35) He also argued that the items seized from inside the bag did not fall within the plain-view and plain-feel exceptions to the warrant requirement and that, consequently, the evidence should have been excluded. (#9-9 at pp. 35-45) *Hogan*, 2013 Ark. at 3.

The Arkansas Supreme Court found, that while Mr. Hogan had argued before the trial court that his trial counsel erred by failing to file a written motion to suppress and by failing to challenge the search warrant affidavit, he had failed to raise a claim that the search of the Crown Royal bag exceeded the scope of the warrant. And because the trial court did not address the scope-of-the-warrant claim, Mr. Hogan was barred from raising the argument on appeal. *Id*. at *4. The Court wrote:

> Regardless of the merit of appellant's asserted new potential bases to challenge the search, the trial court did not err in finding that, concerning the claim that was presented in appellant's petition and at the postconviction-relief hearing, appellant failed to carry his burden to demonstrate prejudice. We affirm on this first point because appellant does not demonstrate clear error in the trial court's ruling.

*Id*. at *4.  The Court found that Mr. Hogan had failed to obtain rulings from the trial court on four of his other ineffective-assistance claims and affirmed the trial court's conclusion that Mr. Hogan was not prejudiced by counsel's failure to move for a mistrial.  *Id*. at *4-7.

B.      Petition for Writ of Habeas Corpus

In this petition, Mr. Hogan claims that his trial counsel was constitutionally ineffective:

> (1) for failing to challenge the absence of an affidavit or sworn testimony supporting the application for the search warrant;[5]
>
> (2) for failing to challenge the police's seizure of illegal drugs and contraband which exceeded the scope of the search warrant;
>
> (3) for failing to challenge the execution of the search warrant, under state-law, as a "pretextual" search;
>
> (4) for failing to object to his sentence as a habitual offender when the State had not amended the felony information; and
>
> (5) for failing to object to the joinder of other charged offenses.

(#1, #2)

Respondent contends that Mr. Hogan's petition should be dismissed because: (1) Mr. Hogan procedurally defaulted his claims; (2) the claims are not cognizable in a

---

[5]To the extent Mr. Hogan raises a Fourth Amendment claim in his habeas petition challenging the warrant to search his house, *Stone v. Powell*, 428 U.S. 465, 482, 96 S.Ct. 3037 (1976), prohibits a federal habeas court from reviewing the claim, because the State of Arkansas already provided him with a full and fair opportunity to litigate that claim in the state courts.  *Stone*, however, does not bar Mr. Hogan's sixth amendment claims of ineffective assistance of counsel.  *Kimmelman v. Morrison*, 477 U.S. 365, 383-84, 106 S.Ct. 2574 (1986).

federal habeas case; and (3) the claims lack merit.  (#9)  Mr. Hogan replied to the

Respondent, arguing that, under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), the Court must

excuse his procedural default of his ineffective assistance of counsel claims.  (#18)

C.      Supplemental Motion to Vacate

The Court appointed counsel for Mr. Hogan (#19), Blake Hendrix, who filed a

supplemental petition to vacate on Mr. Hogan's behalf.  (#24)  In the supplemental

motion, Mr. Hogan again argued that his procedural default of ineffective-assistance

claims should be excused under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012).  He also argued

that he had met his burden of proving that trial counsel was ineffective for: (1) failing to

file a motion to suppress on the ground the search of his house exceeded the scope of the

warrant; and (2) failing to file a motion to suppress on the ground the affidavit lacked

probable cause.  (#24)

In her response to the supplemental petition, Respondent again argued that Mr.

Hogan had defaulted his claims because the items seized fell within the plain view

exception to the warrant requirement; therefore, Mr. Hogan could not establish prejudice

under *Strickland*.  (#27 at pp. 2-3)  Mr. Hogan replied to the response.  (#28)

D.      Hearing

The Court held an evidentiary hearing on April 6, 2015.  At the hearing, Mr.

Hogan presented testimony from Professor J. Thomas Sullivan regarding the general

standards of care for criminal defense counsel in Arkansas.  Mr. Sullivan opined that Mr.

Hogan's trial counsel's failure to move to suppress the evidence seized from the house, and particularly as to the evidence found in the Crown Royal bag, fell below the standard of reasonableness for defense attorneys in Arkansas.  He also noted that the amount of cocaine seized from the Crown Royal bag was vastly greater than the amount seized from outside the bag and, consequently, if the evidence from the bag had been suppressed, it would have greatly affected the outcome of the trial.

      E.     Supplemental Briefing

Following the hearing, the Court asked for supplemental briefing on whether the inevitable discovery exception to the warrant requirement applies to the case and whether Respondent had waived the argument.  Respondent argues that, in the current posture of the case where the court is determining whether Mr. Hogan's trial counsel was constitutionally ineffective, inevitable discovery is not an affirmative defense and cannot be waived.  (#35)   Respondent further contends that the inevitable discovery exception to the warrant requirement applies because, based on the drugs officers observed in plain view while executing the warrant, the officers could have obtained a second search warrant to search the contents of the Crown Royal bag.  (#35 at p. 4)  Mr. Hogan responds that the State failed to meet its burden of proving the inevitable discovery doctrine applies and has waived the argument.  (#36)

### III.    Discussion

#### A.    Procedural Default

Mr. Hogan raises five ineffective-assistance-of-counsel claims in his petition.

Respondent contends that Mr. Hogan procedurally defaulted all of those ineffective-

assistance claims.  (#9, #27)  In his supplemental motion to vacate, Mr. Hogan argues that

the Court should apply the exception to procedural default set forth in *Martinez v. Ryan*,

132 S.Ct. 1309 (2012), and address the merits of his claims trial counsel was ineffective:

(1) for failing to move to suppress evidence on grounds the search of the Crown Royal

bag exceeded the scope of the warrant; and (2) for failing to file a motion to suppress on

the ground the affidavit supporting the warrant lacked probable cause.  (#24 at pp. 12-14)

Mr. Hogan did not raise any of the claims he presents in his petition through a

complete round of the state court's review process, and his time for doing so under

Arkansas law has passed.  See ARK. R. CR. P. 37.2; *O'Sullivan v. Boerckel*, 526 U.S. 838,

845, 119 S.Ct. 1728 (1999) (to meet the requirements of 28 U.S.C. § 2254(c) "state

prisoners must give the state courts one full opportunity to resolve any constitutional

issues by invoking one complete round of the State's established appellate review

process").  Many of the claims Mr. Hogan raised in his state Rule 37 petition, he

procedurally defaulted when he did not obtain a ruling from the trial court or when he did

not continue to pursue the claim on appeal.  Other claims, Mr. Hogan procedurally

defaulted by raising the claims for the first time on appeal.  Accordingly, Mr. Hogan has

procedurally defaulted all of his claims.  But that does not end the inquiry.

B.      Cause to Excuse Procedural Default

The doctrine barring procedurally defaulted claims is not without exception.  In

*Martinez*, the United States Supreme Court held:

> Where, under state law, claims of ineffective assistance of trial counsel
> must be raised in an initial-review collateral proceeding, a procedural
> default will not bar a federal habeas court from hearing a substantial claim
> of ineffective assistance of counsel at trial if, in the initial review
> proceeding, there was no counsel or counsel in that proceeding was
> ineffective.

*Martinez*, 132 S. Ct. at 1320.

In *Sasser v. Hobbs*, 735 F.3d, 833, 853 (2013), the Eighth Circuit held that

Arkansas's post-conviction appeal process, "as a systematic matter," does not afford

indigent defendants a "meaningful review of a claim of ineffective assistance of trial

counsel" on direct appeal.  *Id*. (quoting *Trevino v. Thaler*, 569 U.S. __, 133 S.Ct. 1911,

(2013)).  Consequently, under *Sasser*, Mr. Hogan can establish cause to excuse default of

his substantial ineffective-assistance-of-counsel claims, because he lacked appointed

counsel during the initial-review collateral process.

To overcome his procedural default, Mr. Hogan must demonstrate that: (1) he

failed to raise the ineffective-assistance-of-counsel claims in the initial review collateral

proceeding; and (2) the claims merit relief.  *Sasser v. Hobbs*, 735 F.3d 833, 853 (8th Cir.

2013) reh'g denied, 743 F.3d 1151 (8th Cir. 2014).

In his supplemental motion to vacate, Mr. Hogan maintains that his trial counsel was ineffective for failing to file a motion to suppress on the ground that the affidavit supporting the application for the search warrant lacked probable cause.  (#24 at pp. 12-14)  Mr. Hogan makes a valid point.  As Professor Sullivan testified at the hearing, the affidavit presented in support of the search warrant did not offer any facts that linked the long barreled handgun to Mr. Hogan's residence.  Without any facts linking the gun to the house, where was the probable cause to search there?  If Mr. Hogan's counsel had properly challenged the warrant in a motion to suppress, it might well have ended the prosecution.

The Court, however, cannot consider this claim because:  Mr. Hogan raised a similar claim in his pro se Rule 37 petition;[6] he failed to obtain a ruling on the claim from the trial court; and he did not pursue the argument on appeal.  (#9-17 at pp. 44-45)  In *Arnold v. Dormire*, 675 F.3d 1082 (8th Cir. 2012), the Court pointed to the Supreme Court's clear statement in *Martinez* that its holding did not "concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings" in holding that *Martinez* offers no support for the contention that the failure to preserve claims on appeal from a post-conviction proceeding can constitute cause.  *Id*. at 1087.  Because here, as in *Arnold*, Mr. Hogan challenged the search warrant affidavit in his Rule

---

[6]In his Rule 37 petition, Mr. Hogan argued counsel "prejudiced petitioner by failing to attack or raise issues as to regarding [sic] correctness, truthfulness, and or a reasonable cause for the search warrant and affidavits."  (#9-17 at p. 15)

37 petition, but abandoned the claim on appeal, the *Martinez* exception to procedural

default does not apply, and there is no exception to save this claim from his procedural

default.

In his petition and supplemental motion to vacate, Mr. Hogan raises other

ineffective assistance of counsel claims that were not raised with the trial court in his

initial review collateral proceeding, so the Court will consider the merits of these claims.

C.      Ineffective Assistance of Counsel

A criminal defendant's Sixth Amendment right to effective assistance of counsel

"is denied when a defense attorney's performance falls below an objective standard of

reasonableness and thereby prejudices the defense." *Yarborough v. Gentry*, 540 U.S. 1, 5,

124 S.Ct. 1, 4 (2003) (citing *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) and *Strickland v.*

*Washington*, 466 U.S. 668, 687 (1984)).  In order to prevail on his habeas corpus claim

based on ineffective assistance of counsel, Mr. Hogan must show:  (1) trial counsel's

performance was so deficient that it fell below an objective standard of the customary

skill and diligence displayed by a reasonably competent attorney; and (2) there is a

reasonable probability that the outcome would have been different but for the substandard

performance of trial counsel.  See *Strickland*, 466 U.S. at 687–94.  A reasonable

probability is one that is sufficient to undermine confidence in the outcome of the trial.

*Wiggins v. Smith*, 539 U.S. at 534 (quoting *Strickland*, 466 U.S. at 694).

1.      Search Warrant

a.      Performance

It is settled law that officers executing a search warrant are limited in scope by the terms of the warrant's authorization. *Walter v. U.S.*, 447 U.S. 649, 656 (1980).  Because the validity of the search warrant cannot be challenged due to procedural default, the Court must assume officers were lawfully in Mr. Hogan's house.  Likewise, there is no question that the small quantity of drugs and other drug paraphernalia that officers seized were found when officers opened a kitchen cabinet where a long-barreled gun, such as the one described in the warrant, could have been hidden.  It is also not seriously disputed that a long-barreled handgun could <u>not</u> have been hidden in the Crown Royal bag.[7]

The search warrant authorized only the search for and seizure of a long-barreled handgun.  Consequently, the seizure of the drugs and other paraphernalia went beyond the scope of the warrant and an exception must apply.  *U.S. v. Robbins*, 21 F.3d 297, 300 (8th Cir. 1994)(seizure of items not described in the warrant must fit within an exception in order to be admissible).

---

[7]In her brief in response to the Court's order requesting supplemental briefing, Respondent Kelley states in a footnote that there is no evidence in the record to prove one way or the other whether the firearm the police were looking for could have fit into the Crown Royal bag. (#35 at p. 2, fn 2)  After reviewing photographs of the Crown Royal bag taken at the scene, however, no reasonable officer could have believed, based on the shape and appearance of the bag, that it contained a long-barreled handgun.  (#9-15 at pp. 152-53, 178-79, #9-16 at p. 201-203)

In her initial brief, Respondent argued that <u>all</u> of the items seized from the kitchen cabinet, including the drugs inside the Crown Royal bag, fell within the plain view exception[8] to the warrant requirement.[9]  Thus, she argued, Mr. Hogan's counsel was not constitutionally ineffective for failing to move to suppress the items.  At the hearing, however, Respondent's counsel conceded that Mr. Hogan's counsel <u>was</u> ineffective for not moving to suppress the contents of the Crown Royal bag.  The Court agrees.

Here, the contents of the Crown Royal bag were not in plain view and nothing about the bag made it obviously incriminating.  *Banks v. Frazier*, 514 F.3d 769, 772 (2008)(seemingly innocuous single-purpose containers are protected by requiring police to have probable cause to seize the container before they open it).  Accordingly, Mr. Hogan has met his burden of establishing the first prong of the *Strickland* test, because trial counsel's failure to properly investigate circumstances surrounding the execution of the search warrant and his failure to move for suppression of the evidence seized from the Crown Royal bag fell below the customary skill and diligence displayed by a reasonably competent attorney.

---

[8]In order for the plain view exception to apply, the items must have been in plain view from officers' lawful vantage point; and the incriminating nature of the items must have been immediately apparent.  *Horton v. California*, 496 U.S. 128 (1990); *U.S. v. Rodriquez*, 711 F.3d 928, 936 (8th Cir. 2013).

[9]The small quantity of drugs in plain view in the kitchen cabinet falls within the plain view exception to the search warrant requirement.

       b.     Prejudice

The second part of the *Strickland* test requires the Court to determine whether counsel's failure to move to suppress the evidence seized from the Crown Royal bag prejudiced Mr. Hogan.  In order to find prejudice under *Strickland*, the court must determine whether it is  "reasonably likely" that the result would have been different absent the error.  *Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012)(quoting *Strickland*, 466 U.S. at 696).  The *Strickland* prejudice standard is less demanding than a more-probable-than-not standard, but the difference is "slight and matters only in the rarest case."  *Id*. (quoting *Harrington v. Richter*, 562 U.S.86, 112, 131 S.Ct. 770, 792 (2011) (internal quotation omitted)).  To satisfy *Strickland*, the likelihood of a different result must be "substantial, not just conceivable."  *Id*.

Here, the admission of the contents of the Crown Royal bag had a significant effect on Mr. Hogan's case.  Had the trial court suppressed the evidence found in the Crown Royal bag, the jury would have heard only that Mr. Hogan possessed a small amount of cocaine – approximately one-and-a-half grams of cocaine (one gram of powder cocaine, .3 grams of a mixture of cocaine and procaine, and .3 grams of crack cocaine).  (#9-16 at p. 209)  By contrast, the cocaine seized from the Crown Royal bag weighed sixty-five grams (28 grams of powder cocaine, 8 grams of a mixture of cocaine and procaine, and almost 29 grams of crack cocaine).  (#9-16 at p. 209)  The difference in the amount of admissible evidence could have led prosecutors to lower the charge to

possession, but even if the charge had remained possession with intent to deliver, Mr.

Hogan could have argued that the small bag of cocaine was possessed for personal use.

Moreover, the quantity of cocaine had a staggering effect on Mr. Hogan's

sentence.  At the time of Mr. Hogan's trial, possession of cocaine carried a sentence of

three-to-ten years' or three-to-thirty years' incarceration for a defendant with four or more

prior felonies.  ARK. CODE ANN. §§ 5-64-401(c) and 5-4-501(d).  Consequently, the

maximum sentence Mr. Hogan could have received if a jury convicted him of simple

possession of cocaine was ninety-five years less than the 125-year sentence he received.

Even if he had been found guilty of possession of cocaine with intent to deliver the

one-and-one-half grams of cocaine, under the applicable sentencing guidelines for a

person with Mr. Hogan's prior criminal history, the presumptive sentence would have

been 160 months' imprisonment, as opposed to the 1,500 months he received, a

difference of almost tenfold.  See, Arkansas Sentencing Commission at 8 (establishing

that a presumptive sentence of a seriousness level 7 offense with a Criminal History Score

of 1 is 54 months' imprisonment) and at 25 (establishing a level 4 for a Class B felony

offense for delivery of less than 28 grams of a Schedule II narcotic prior to July 27,

2011).

In reviewing the trial court record, however, the Court cannot conclude that it is

"reasonably likely" that the evidence would have been suppressed absent trial counsel's

error, because the Court could have applied the inevitable discovery exception to the search warrant requirement to deny a proper motion to suppress.[10]

The inevitable discovery exception applies to excuse a warrantless search only if a court finds:  (1) there was a reasonable probability the evidence would have been discovered by lawful means in the absence of police misconduct; and (2) the government was actively pursuing a substantial, alternative line of investigation at the time of the constitutional violation.  *United States v. Allen*, 713 F.3d 382, 388 (8th Cir. 2013)(citing *United States v. Conner*, 127 F.3d 663, 667 (8th Cir.1997).

Here, there was a reasonable probability the contents of the Crown Royal bag could have been discovered by lawful means.  Based on the drugs and drug paraphernalia found in plain view in the cabinet, officers could have applied for a warrant to search the contents of the Crown Royal bag.  At the hearing, counsel for the Respondent asked Mr. Sullivan whether he believed agents could have obtained a warrant to search the Crown Royal bag, and he testified that he believed they could have.

Further, there is evidence that officers were pursuing a drug investigation of Mr. Hogan at the same time they obtained the warrant to search his house for the long-

---

[10] Respondent did not raise an inevitable discovery argument either in her response or at oral argument.  She did elicit testimony from Mr. Hogan's witness, however, that officers could have obtained a warrant to search the Crown Royal bag if they had applied for one.  Moreover, as Respondent points out in her supplemental brief, in this case's current posture, the Court must determine whether Mr. Hogan was prejudiced by his counsel's failure to file a motion to suppress.  Inevitable discovery is not an affirmative defense to ineffective assistance of counsel and, consequently, cannot be waived.

barreled handgun.  During the penalty phase of the trial, the prosecution put on evidence that on June 25, 2008, June 26, 2008, and July 15, 2008, prior to the execution of the search warrant, the State police, along with agents of a narcotics task force, conducted three controlled buys of illegal drugs from Mr. Hogan at his residence.  (#9-16 at pp. 101-117)

Additionally, at the pre-trial hearing where Mr. Hogan's counsel made an oral motion to suppress the evidence based on an unlawful search incident to arrest, Tommy Stuard, Special Agent for the South Central Drug Task Force, testified that he had prepared an affidavit for an arrest warrant for Mr. Hogan based on a controlled buy that occurred on June 26, 2008.  (#9-15 at pp. 58-59)  He presented the affidavit to the magistrate judge on August 5, 2008, the same day he presented the state judge with the affidavit for the search warrant at issue in this case.  (*Id.*)

Based on this evidence, the state could have argued, in response to a motion to suppress, that the government was actively pursuing an alternate investigation of Mr. Hogan, and the evidence would have inevitably been discovered as part of that investigation.

Mr. Hogan was not prejudiced by his trial counsel's failure to file a motion to suppress the evidence in the Crown Royal bag because, under the facts of this case, the trial court could have applied the inevitable discovery exception to deny the motion.

2.      Remaining Ineffective Assistance of Counsel Claims

Mr. Hogan claims that his counsel was ineffective for failing to challenge the execution of the search warrant as a "pretextual" search.  As support for his argument, Mr. Hogan relies on Arkansas Supreme Court cases that invalidate pretextual traffic stops under the state constitution.  (#2 at pp. 12-14)  The state court cases cited by Mr. Hogan are not applicable to this case, where officers were executing a search warrant of a residence.  Consequently, Mr. Hogan's counsel was not deficient for failing to make a pretext argument.

Mr. Hogan's claim that his counsel's performance was deficient for failing to argue that the sentence imposed was illegal because he was not put on notice of being charged as a habitual offender also fails.  The trial record shows that the State orally amended the information to include a habitual-offender allegation, and that Mr. Hogan's trial counsel acknowledged the amendment at a later hearing.  (#9-14 at p. 1, #9-15 at pp. 45-46)

Finally, Mr. Hogan's argument that his counsel was deficient for failing to contest the joinder of offenses lacks merit, because Mr. Hogan's counsel opposed the motion and, after hearing argument from counsel, the Court ruled that only the offenses that occurred around the same time and involving the same type of drugs could be consolidated.  (#9-15 at pp. 39-42)

While Mr. Hogan has established that his trial counsel's performance was deficient, Mr. Hogan cannot establish that the outcome of his case "probably" would have been different, under current law.

## IV.    Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Hogan has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

Reasonable jurists could differ on the question of whether Mr. Hogan was prejudiced by his counsel's failure to file a motion to suppress the contents of the Crown Royal bag on grounds the search exceeded the scope of the warrant. Accordingly, the Court will grant a certificate of appealability on that issue. Mr. Hogan has not provided a basis for issuing a certificate of appealability as to any of his other claims of ineffective assistance of counsel.

## V.    Conclusion

Laquince Hogan's petition for writ of habeas corpus (docket entry #1) and supplemental motion to vacate (#24) are denied and dismissed, with prejudice. The Court grants a certificate of appealability as to Mr. Hogan's claim that counsel was ineffective for failing to file a motion to suppress the contents of the Crown Royal bag on grounds

20

the search exceeded the scope of the warrant.  (see docket entry #24 at pp. 5-11)

DATED this 31st day of July, 2015.

_____
UNITED STATES MAGISTRATE JUDGE